# District of Columbia
# Court of Appeals

**Nos. 14-AA-343 & 14-AA-801**

ROYSTON CLEMENT and MARIE EASON ,

Petitioners,

v.

DISTRICT OF COLUMBIA
DEPARTMENT OF EMPLOYMENT SERVICES,

Respondent,

&

CENTER RADIOLOGY, *et al.*,

Intervenors.



FILED

NOV **25** 2015

DISTRICT OF COLUMBIA
COURT OF APPEALS

**CRB-134-13**

On Petition for Review of an Order
of the District of Columbia Compensation Review Board

BEFORE:  Glickman and Blackburne-Rigsby, Associate Judges; and Newman, Senior Judge.

## J U D G M E N T

This case came to be heard on the administrative record, certified copy of the agency hearing transcript, the briefs filed, and was argued by counsel.  On consideration whereof, and as set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the petitions for review of the Compensation Review Board's determination are denied.

For the Court:

JULIO A. CASTILLO
Clerk of the Court

Dated: November  25, 2015.

Opinion by Senior Judge Theodore Newman.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

FILED 11/25/15
District of Columbia
Court of Appeals

*Julio Castillo*
Clerk of Court

Nos. 14-AA-343 and 14-AA-801

ROYSTON CLEMENT AND MARIE EASON, PETITIONERS,

V.

DISTRICT OF COLUMBIA
DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT.

AND

CENTER RADIOLOGY, *et al.*, INTERVENORS.

On Petitions for Review of Decisions of the
Compensation Review Board
(CRB-134-13)

(Argued October 1, 2015                    Decided November 25, 2015)

*Matthew Peffer* and *David M. Snyder*, were on the brief for petitioners.

*Karl A. Racine*, Attorney General for the District of Columbia, with whom *Todd S. Kim*, Solicitor General, and *Loren L. Alikhan*, Deputy Solicitor General, were on the brief for respondent.

*Joseph C. Veith*, was on the brief for Sterne, Kessler, Goldstein & Fox, *et al*.

*Theresa M. Colwell* entered an appearance for Center Radiology, *et al*. *Mary G. Weidner* was on the brief for intervenors.

Before GLICKMAN and BLACKBURNE-RIGSBY, *Associate Judges*, and NEWMAN, *Senior Judge*.

NEWMAN, *Senior Judge*: This consolidated appeal concerns the interpretation of D.C. Code § 32-1505 (b) (2012 Repl.), specifically whether the phrase "temporary or permanent partial disability" refers to "temporary total" or "temporary partial" disability. Petitioners Royston Clement and Marie Eason requested that the Department of Employment Services ("DOES") enforce their Workers' Compensation orders after their employers stopped paying their temporary total disability benefits after 500 weeks. In both cases, the Compensation Review Board ("CRB") construed § 32-1505 (b) to include a 500-week limit on the payment of temporary total disability benefits and denied petitioners' request. We affirm the CRB's interpretation of the statute and deny Mr. Clement's and Ms. Eason's petitions for review.

## I.  Facts and Procedural History

### A. Petitioner Clement

Mr. Clement injured his left leg while working as a copy clerk in April 2000 and was awarded temporary total disability benefits. In November 2009, his employer issued a notice stating that it would soon stop paying because Mr. Clement's temporary total disability benefits payment was subject to a 500-week

cap. Mr. Clement filed a motion seeking a declaration that his employer was in default. A DOES Administrative Law Judge ("ALJ") concluded that his employer's obligation to pay temporary total disability benefits was not subject to the 500-week cap and granted his motion.

Nevertheless, the CRB reversed the ALJ's order on appeal, finding that "[w]hile the actual language of [§ 32-1505 (b)] is susceptible to alternative constructions, the rationale accompanying [the] amending language makes it clear that the Council intended to limit the payment of temporary total benefits to 500 weeks." On remand, another ALJ, bound by the CRB's interpretation of the statute, concluded that the employer's obligation to pay temporary total disability benefits had lawfully ceased in November 2009 and denied Mr. Clement's request. The CRB affirmed this subsequent order.

### B. Petitioner Eason

Ms. Eason was awarded temporary total disability benefits as of May 2003. In May 2013, her employer issued a Notice of Final Payment. On March 10, 2014, the ALJ held, consistent with her recent decision in *Clement*, that the employer's

obligation to pay benefits had ceased after 500 weeks and denied Ms. Eason's request to hold her employer in default. The CRB affirmed this order.

## II.    Relevant Law

The Workers' Compensation Act ("WCA"), D.C. Code § 32-1501 *et seq.*, provides compensation to private-sector workers who suffer disabilities as a result of workplace injuries. The WCA classifies a disability as either permanent or temporary, and also as either total or partial. Section 32-1508 provides that in the cases of permanent total disability and temporary total disability, "66 2/3% of the employee's average weekly wages shall be paid to the employee during the *continuance thereof.*" D.C. Code § 32-1508 (1), (2) (emphasis added). In addition, "[i]n the case of temporary partial disability, the compensation shall be 66 2/3% of the injured employee's wage loss to be paid during the continuance of such disability, but shall not be paid for a period exceeding *5 years.*" D.C. Code § 32-1508 (5) (emphasis added).

In 1999, a statute amending the WCA was enacted. It states in relevant part: "[f]or any one injury causing *temporary or permanent partial disability*, the payment for disability benefits shall not continue for more than a total of *500*

*weeks.*" D.C. Code § 32-1505 (b) (emphasis added). The issue on appeal is whether the CRB erred in construing § 32-1505 (b) to set a 500-week limit on the payment of temporary total disability benefits.

## III. Standard of Review

We review the CRB's decision that affirmed the ALJ's compensation order—we do not directly review the ALJ's determination on appeal. *Jones v. District of Columbia Dep't of Emp't Servs.*, 41 A.3d 1219, 1221 (D.C. 2012). "We will affirm the CRB's decision unless it was '[a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* (quoting D.C. Code § 2-510 (a)(3)(A) (2001)). Given the CRB's expertise in administering the WCA, even though we review the CRB's legal conclusions *de novo*, we will defer to the CRB's reasonable interpretations of WCA ambiguous provisions. *Howard Univ. Hosp. v. District of Columbia Dep't of Emp't Servs.*, 960 A.2d 603, 606 (D.C. 2008). In fact, we have said that the CRB's "interpretation is binding unless plainly erroneous or inconsistent with the enabling statute." *Hiligh v. District of Columbia Dep't of Emp't Servs.*, 935 A.2d 1070, 1073 (D.C. 2007).

## IV.   Discussion

Where the statutory language is clear and unambiguous, we give effect to its plain meaning. *Mazanderan v. District of Columbia Dep't of Pub. Works*, 94 A.3d 770, 774 (D.C. 2014). However, "we recognize that even where statutory language has a superficial clarity, a detailed consideration of other factors, such as the specific context in which that language is used and the broader context of the statute as a whole, when viewed in light of the statute's legislative history, may reveal ambiguities that this court must resolve." *Id.* Where a statute is ambiguous, the statute's legislative history is relevant in determining its appropriate meaning. *See United States v. Great N. Ry. Co.*, 287 U.S. 144, 154-55 (1932); *District of Columbia v. Acme Reporting Co.*, 530 A.2d 708, 713 (D.C. 1987).

Here, the language of § 32-1505 (b) as written is ambiguous, especially when read in conjunction with § 32-1508 (5). As defined by the WCA, temporary disability benefits are categorized as either total or partial. However, § 32-1505 (b) does not state as to which of these temporary disability benefits it applies; it simply states "temporary or permanent partial disability." D.C. Code § 32-1505 (b); *cf. Hiligh*, *supra*, 935 A.2d at 1074 (upholding the CRB's determination that the term

"total disability" is ambiguous because it does not specify "temporary total" or "permanent total" disability).

Petitioners insist that a plain reading of § 32-1505 (b) indicates that it applies only to partial disability benefits, either temporary or permanent. Petitioners, however, fail to address the statutory conflict created by their interpretation. The WCA already has a provision limiting the payment of temporary partial disability benefits to five years. D.C. Code § 32-1508 (5). If § 32-1505 (b) also applies to temporary partial disability benefits, we would have two conflicting statutory provisions—one of which has a five-year cap while the other one has a 500-week cap on the same type of benefits.

Petitioners attempt to resolve this statutory conflict by suggesting a "combined" interpretation of these two provisions, in which "an injured worker is entitled to receive a maximum of 500 weeks' worth of partial wage loss benefits, whether they be temporary or permanent, for which a maximum of 5 years' worth can be temporary partial disability benefits." Petitioners, however, provide no legislative support for their interpretation.

We find petitioners' "combined" interpretation unpersuasive. Basic statutory interpretation requires that statutes should be construed "so as to avoid rendering superfluous" any statutory language. *Astoria Fed. Savs. & Loan Ass'n v. Solimino*, 501 U.S. 104, 112 (1991). Here, petitioners' "combined" interpretation suggests that the 500-week cap applies to both temporary partial and permanent partial disability, but temporary partial disability benefits payment would still be subject to the five-year cap in § 32-1508 (5). This interpretation renders the term "temporary" in § 32-1505 (b) essentially unnecessary, or "superfluous," because the 500-week cap would have no effect on temporary partial disability benefits payment. Therefore, we reject petitioner's "combined" interpretation. Even if defensible, such a reading does not render the CRB's alternative interpretation "plainly erroneous" or inconsistent with the WCA. *Hiligh*, *supra*, 935 A.2d at 1073.

Having determined that § 32-1505 (b) is in fact ambiguous, the CRB properly relied on legislative history to interpret the statute. We hold that the CRB's interpretation of § 32-1505 (b) is reasonable and not otherwise "plainly erroneous or inconsistent with the enabling statute." *Hiligh*, *supra*, 935 A.2d at 1073. The CRB rested its decision on the legislative history of § 32-1505 (b), namely the written rationale to the proposed amendment—which later was adopted

as § 32-1505 (b)—and the preamble and purposes of the amending bill. The relevant written rationale is as follows:

> The unlimited duration of payments in the District for *temporary total* and permanent partial injuries encourages people to stay on disability and provides a disincentive to return to work. The open-ended nature of potential payments also significantly drives up settlement costs for permanent partial disabilities. The average permanent partial disability case costs more than twice the national average and significantly more than either Maryland and Virginia. Both Maryland and Virginia limit benefits to 500 weeks (though Maryland raises this amount to 667 weeks for workers who are more than 50 percent impaired). This amendment would bring the District closer in line with those neighboring jurisdictions. It also provides for the opportunity to continue the benefit period to provide three years of extended benefits for workers whose disability remains severe, and allows an injured employee up to three years after termination of non-scheduled benefits to re-open his or her case due to change in condition.

Considering that the written rationale to § 32-1505 (b) indicates that its goal was to reduce the costs associated with "[t]he unlimited duration of payments in the District for *temporary total* [disability benefits]," it is clearly, if not perfectly, reasonable for the CRB to construe that this provision applies to temporary total disability benefits payment, especially given that temporary total benefits had no durational limit before this amendment was adopted. *See* D.C. Code § 32-1508 (2) ("during the continuance thereof").

Furthermore, other legislative history of § 32-1505 (b) points to the same goal of addressing the "unlimited" nature of temporary total disability benefits payment. First, the amending bill's preamble listed several purposes, including "establish[ing] a maximum length of time during which an injured worker may receive workers' compensation benefits for *total temporary* and permanent partial disabilities." Second, the Committee that recommended adoption of the amendment stated in its report that one of its goals was "to contain workers' compensation costs." Given the substantial legislative evidence of the Council's intent to reduce costs associated with temporary total disability benefits payment, the CRB's construction of the statutory provision is an entirely reasonable one. We affirm the CRB's determination that the 500-week limit in § 32-1505 (b) applies to temporary total disability benefits.[1]

For the foregoing reasons, petitions for review are denied.

*So ordered.*

---

[1] Petitioners also argue that the CRB is estopped from construing the 500-week cap to apply to temporary total disability given its decision in *Holland v. Greyhound Lines, Inc.*, (No. 10-142) Comp. Rev. Bd., 2010 WL 5115166, at *1 (Nov. 5, 2010). We do not find this argument persuasive. *Holland* mentions § 32-1505 (b) only in the context of permanent partial disability benefits and at no point discusses temporary total disability benefits.