**Marion S. BARRY, Jr., Mayor of the District of Columbia, et al., Appellants,**

v.

**WASHINGTON POST COMPANY, Appellee.**

**No. 87–296.**

District of Columbia Court of Appeals.

Argued June 23, 1987.

Decided Aug. 10, 1987.

**320**

Edward E. Schwab, Asst. Corp. Counsel, with whom Frederick D. Cooke, Jr., Acting Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the motion for stay, for appellants.

Nancy P. Preiss, with whom Kevin T. Baine, Boisfeuillet Jones, Jr., and Carol D. Melamed, Washington, D.C., were on the opposition to the motion for stay, for appellee.

Before PRYOR, Chief Judge, and BELSON and TERRY, Associate Judges.

1. Appellants are the District of Columbia and

**PER CURIAM:**

On May 9, 1986, pursuant to the District of Columbia Freedom of Information Act ("FOIA"), a reporter for the Washington Post requested from appellants all documents relating to the expenses of the Mayor of the District of Columbia, Marion Barry,[1] since the beginning of fiscal year 1983 which were paid or reimbursed by the District of Columbia. The Post filed suit two months later, alleging that the District had not fully complied with its FOIA request. The District in fact had withheld from the Post two sets of expense records, those relating to funds spent for the Mayor's security and those relating to his expenses from discretionary and ceremonial funds authorized by D.C. Code §§ 1–355 and 1–356 (1981) claiming that both classes of records were exempt from disclosure under FOIA. After a hearing on the parties' cross-motions for summary judgment, Judge Kessler of the Superior Court concluded that the requested documents were not protected under any FOIA exemption. Accordingly, she entered an order directing appellants to

> search for and produce all documents in the Executive Office of the Mayor relating to expenses for the Mayor's security ... from fiscal year 1983 up to May 9, 1986 ... [and to] produce documents in the Executive Office of the Mayor regarding expenditures from the ceremonial and discretionary funds, related to expenditures for the Mayor and not other persons.

The order further provided that the security documents were to be redacted by deleting the names and addresses of all security personnel and any other information by which such personnel might be identified. The trial court denied a motion for stay pending appeal. Appellants now seek a stay in this court, contending that the documents are protected by FOIA exemptions and that the court has equitable jurisdiction to expand the statutory exemptions of FOIA. We deny the stay.

■ To prevail on a motion for stay, a movant must show that he or she is likely

Mayor Barry.

to succeed on the merits, that irreparable injury will result if the stay is denied, that opposing parties will not be harmed by a stay, and that the public interest favors the granting of a stay. *In re Antioch University*, 418 A.2d 105, 109 (D.C.1980), citing *Virginia Petroleum Jobbers Ass'n v. FPC*, 104 U.S.App.D.C. 106, 110, 259 F.2d 921, 925 (1958). When the last three factors strongly favor interim relief, only a "substantial" showing of likelihood of success, not a "mathematical probability," is necessary for the court to grant a stay. *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 182 U.S. App.D.C. 220, 222, 559 F.2d 841, 843 (1977). Appellants' motion meets neither standard.

▆▆▆ The District of Columbia FOIA, D.C.Code §§ 1–1521 through 1–1529 (1981), was modeled on the corresponding federal statute, 5 U.S.C. § 552 (1982), and many of its provisions closely parallel those of the federal act. Like the federal FOIA, the local FOIA embodies a strong policy favoring disclosure of information about governmental affairs and the acts of public officials, a policy which requires the courts to read narrowly any statutory exemptions from disclosure. *Dunhill v. Director, District of Columbia Department of Transportation*, 416 A.2d 244, 247 n. 5 (D.C. 1980). The act provides for full disclosure unless the information requested is exempted under a specific statutory provision; in the absence of a statutory exemption, a court has no general equitable power to prevent disclosure under FOIA of public documents and records. *Washington Post Co. v. United States Department of State*, 222 U.S.App.D.C. 248, 250, 685 F.2d 698, 700 (1982), *cert. granted*, 464 U.S. 812, 104 S.Ct. 65, 78 L.Ed.2d 80 *vacated as moot*, 464 U.S. 979, 104 S.Ct. 418, 78 L.Ed.2d 355 (1983); *see Allen v. Central Intelligence Agency*, 205 U.S.App.D.C. 159,

161 n. 11, 636 F.2d 1287, 1289 n. 11 (1980). Although the act does not limit the inherent power of a court to grant equitable relief, such as a stay, while adjudicating a FOIA case, *see Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 18–20, 94 S.Ct. 1028, 1037–38, 39 L.Ed.2d 123 (1974), that power does not include the authority to create additional exemptions from disclosure. The statutory exemptions are intended to be exclusive, D.C.Code § 1–1524(c) (1981), and equity cannot enlarge or extend them beyond the limits set by the act. Moreover, any doubts about the applicability of a particular exemption must be resolved in favor of disclosure. *Hawkes v. Internal Revenue Service*, 467 F.2d 787, 795–796 (6th Cir.1972).

▆▆▆ Appellants claim that the security documents are covered by exemption 3 of FOIA, D.C.Code § 1–1524(a)(3) (1981), which under certain circumstances prevents disclosure of "investigatory records compiled for law enforcement purposes...."[2] We cannot agree. The federal courts have held that the corresponding exemption in the federal FOIA applies only to investigatory records compiled in the course of a specific investigation, records whose disclosure would significantly impede law enforcement efforts. *E.g., Cox v. United States Department of Justice*, 576 F.2d 1302, 1309–1310 (8th Cir.1978); *Hawkes v. Internal Revenue Service, supra*, 467 F.2d at 795. Given the broad policy of disclosure underlying both the federal and District of Columbia statutes, we think it appropriate to adopt this interpretation for the District of Columbia FOIA as well. We therefore hold that the phrase "investigatory records compiled for law enforcement purposes" in exemption 3 refers only to records prepared or assembled in the course of "investigations which

---

**2.** D.C.Code § 1–1524(a)(3) exempts from disclosure

Investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would:

\* \* \* \* \* \*

(D) Disclose the identity of a confidential source and, in the case of a record compiled by a law enforcement authority in the course

of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source;

(E) Disclose investigative techniques and procedures not generally known outside the government; [and]

(F) Endanger the life or physical safety of law enforcement personnel[.]

focus directly on specifically alleged illegal acts, illegal acts of particular identified [persons], acts which could, if proved, result in civil or criminal sanctions." *Rural Housing Alliance v. United States Department of Agriculture*, 162 U.S.App. D.C. 122, 130, 498 F.2d 73, 81 (1974) (footnote omitted); *see Center for National Policy Review v. Weinberger*, 163 U.S.App. D.C. 368, 371–372, 502 F.2d 370, 373–374 (1974).

The security documents at issue here do not fall within this definition. They were not compiled in the course of any particular law enforcement investigation, but merely reflect day-to-day expenditures for security relating to the Mayor. The Post did not request, and the trial court did not grant access to, any documents other than financial records. Appellants do not assert that these records were compiled in the course of an investigation for any specific law enforcement purpose. We conclude that they are not exempt from disclosure under exemption 3.[3]

■ To avoid disclosure of the documents relating to the discretionary and ceremonial funds, appellants invoke exemption 6 of the District of Columbia FOIA, D.C. Code § 1–1524(a)(6) (1981), which protects information "specifically exempted from disclosure" by a statute stating particular criteria for withholding or referring to particular types of matters to be withheld.[4] The statutes authorizing the discretionary and ceremonial funds, D.C.Code §§ 1–355 and 1–356 (1981), do not specifically exempt anything from disclosure.

Each statute states only that a certificate "shall be sufficient voucher for the expenditure of appropriations made pursuant to this section." While the certification process may be legally sufficient to justify expenses under these statutes, it does not "specifically exempt" from public disclosure whatever documents may be generated by the voucher system. Appellants argue that similar "certificate" language in Acts of Congress [5] has historically signified a confidential fund since the earliest days of the Republic.[6] Although this may be true, neither the Congress nor the District of Columbia Council took the obvious step of stating that records of the two funds were exempt from disclosure. In the absence of such a provision in either statute, exemption 6 does not apply.

It follows from what we have said that appellants have failed to demonstrate that they are likely to prevail on the merits of this appeal. *See Sears, Roebuck & Co. v. General Services Administration*, 166 U.S.App.D.C. 194, 197, 509 F.2d 527, 530 (1974). We note also that appellants have made no showing of irreparable harm resulting from disclosure of either group of documents. To be sure, they assert that there would probably be an irreparable *result*—namely, publication in the Washington Post—but they have not identified any irreparable harm that would flow from publication. Nor have they demonstrated that the public interest favors the granting of a stay. In a case like this, such a showing would have to be particularly

---

**3.** Appellants also rely on cases construing exemption 2 of the federal act, 5 U.S.C. § 552(b)(2) (1982), which precludes disclosure of documents that are "related solely to the internal personnel rules and practices of an agency...." Since there is no corresponding provision in the District of Columbia FOIA, those cases are inapposite here.

**4.** D.C.Code § 1–1524(a)(6) exempts from disclosure

Information specifically exempted from disclosure by statute (other than this section), provided that such statute:
(A) Requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or

(B) Establishes particular criteria for withholding or refers to particular types of matters to be withheld[.]

**5.** Section 1–355 was enacted by Congress in 1947. Act of July 11, 1947, ch. 231, 61 Stat. 314. Section 1–356 was enacted by Congress in 1973. Pub.L. No. 93–140, § 26, 87 Stat. 504, 509 (1973). Subsequent amendments by the District of Columbia Council did not change the "certificate" language.

**6.** *See, e.g.,* Act of February 9, 1793, 1 Stat. 299, 300 (authorizing the Secretary of State to account for certain expenditures by "certificate," which "shall be deemed a sufficient voucher for the sums therein expressed to have been expended").

strong to persuade the court that the clear FOIA policy favoring disclosure should be ignored. We conclude that the public interest would be best served by denying a stay.

For the foregoing reasons, appellants' motion for a stay pending appeal is

*Denied.*