Michael B. DORSEY, Appellant,

v.

DISTRICT OF COLUMBIA, et al., Appellees.

No. 05–CV–1500.

District of Columbia Court of Appeals.

Argued Jan. 23, 2007.

Decided Feb. 15, 2007.

Michael B. Dorsey, pro se.

Donna M. Murasky, Senior Assistant Attorney General, with whom Robert J. Spagnoletti, Attorney General for the District of Columbia at the time the brief was filed, Todd S. Kim, Solicitor General, and Edward E. Schwab, Deputy Solicitor General, were on the brief, for appellees.

Before WASHINGTON, Chief Judge, and FARRELL and FISHER, Associate Judges.

FISHER, Associate Judge:

Michael Dorsey sued the District of Columbia and several public officials, complaining about the system for issuing parking tickets with hand-held electronic devices and about the operations of the Bureau of Traffic Adjudication. His complaint was dismissed, and Dorsey appealed. We affirm.

## I. Failure to Exhaust Remedies

■ Although Mr. Dorsey's complaint is broad-ranging, on appeal he raises two basic complaints about the issuance and adjudication of parking tickets. He asserts that the system for issuing "tickets" (Notices of Infraction) with hand-held electronic devices is invalid because, contrary to statute, a facsimile is not filed with the DMV.[1] He seems to argue that there is no obligation to pay the tickets because they are defective in form. Mr. Dorsey also asserts that the hearing examiners do not fairly administer the provisions for issuing default judgments and entertaining motions to vacate them. In his words, "[h]earing examiners at the DMV are forced to systematically deny requests to vacate default judgments as a revenue-raising device." We do not consider these arguments because he has failed to exhaust administrative remedies.

Many of Mr. Dorsey's complaints are generalized, and we will not consider them because he has not alleged injury in fact. *See generally York Apartments Tenants Ass'n v. District of Columbia Zoning Comm'n*, 856 A.2d 1079, 1084 (D.C.2004) (discussing the requirements for standing). The complaint does identify three parking tickets he received, and he does have standing to complain about them. Yet, so far as the complaint alleges or we could discern from oral argument, Mr. Dorsey did not appear at a hearing to contest

1. D.C.Code § 50–2303.03(b) (2001 & 2006 Supp.) requires that "[a] duplicate of each notice of infraction shall be served on the person to whom it is issued" and that "[t]he original or a facsimile thereof shall be filed with the Department [of Motor Vehicles]...." Pursuant to regulation, a notice of infraction may be issued from a hand-held electronic device. 18 DCMR § 3000.7 (2006). 18 DCMR § 3000.9 (2006), in turn, provides that "[u]ploading of the data contained in hand-held electronic devices into the automatic ticket database shall be deemed the filing of a facsimile with the Department...." Mr. Dorsey complains that this regulation violates the statute because the detailed printout produced by the data base is not an "exact copy" of the notice of infraction. *See* BLACK'S LAW DICTIONARY 628 (8th ed. 2004) (defining a facsimile as "an exact copy"). In light of our disposition of the appeal, we express no views on this issue.

those tickets. Moreover, he did not move to set aside the default judgments entered against him. He stated that he had concluded from years of experience that it would be futile to move to vacate those judgments.[2]

■ As the appellant, Dorsey bears the burden of presenting us with a record that demonstrates the errors of which he complains. *Cobb v. Standard Drug Co.*, 453 A.2d 110, 111 (D.C.1982). Moreover, it is a "well-established doctrine that where a statute provides an administrative forum to resolve disputes, 'no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *Dano Resource Recovery, Inc. v. District of Columbia*, 566 A.2d 483, 485 (D.C.1989) (quoting *McKart v. United States*, 395 U.S. 185, 193, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969)). Among other advantages, the exhaustion doctrine ensures the development of an administrative record to permit efficient judicial review, and it may also render judicial review unnecessary should the agency grant relief. *Barnett v. District of Columbia Dep't of Employment Servs.*, 491 A.2d 1156, 1160 (D.C.1985).

The law provides administrative procedures for challenging parking tickets and an opportunity for judicial review. For example, a person issued a notice of infraction has thirty days to answer it. D.C.Code § 50–2303.05(d)(1) (2001 & 2006 Supp.). 18 DCMR § 3000.3, in turn, provides: "The Notice of Infraction shall inform the respondent how and when to answer the notice and shall warn the respondent of the consequences of failure to answer in the manner and time provided." District law provides for administrative

hearings and for administrative appeals from the decisions of hearing examiners. *See* D.C.Code §§ 50–2303.06 & 50–2304.02 (2001 & 2006 Supp.). The respondent is to receive notice of an impending default judgment and detailed information concerning how to vacate such a judgment. *See* D.C.Code §§ 50–2303.05(d)(2) & 50–2303.06(e) (2001 & 2006 Supp.). In addition, an aggrieved person may seek judicial review of an appeals board decision by filing an application for the allowance of an appeal in the Superior Court. D.C.Code § 50–2304.05 (2001).

These procedures would have allowed Mr. Dorsey to challenge his tickets because they purportedly failed to provide him with information required by law or because they violated the "facsimile" requirement. They would also have allowed him to challenge any improper decision refusing to vacate a default judgment against him. However, the record reflects not merely that Mr. Dorsey failed to exhaust his administrative remedies; as he explained at oral argument, Mr. Dorsey deliberately bypassed those remedies because he thought it would be futile to invoke them. We are handicapped by the lack of an administrative record and find no compelling reason to excuse Mr. Dorsey from exhausting his administrative remedies. *See generally Davis & Assocs. v. Williams*, 892 A.2d 1144 (D.C.2006).

## II. The Speech or Debate Statute

■ Dorsey also sued Councilmember Carol Schwartz, apparently because she served as Chair of the Committee on Public Works and the Environment, which exercises oversight of the Department of Motor Vehicles. He accused her of "dere-

---

**2.** As we understand it, Mr. Dorsey regularly appears at traffic adjudication hearings in a representative capacity. We note that "[a] respondent may be assisted by a non-attor-

ney" and that "a non-attorney designated agent may appear in place of a respondent," "at the discretion of the hearing examiner." 18 DCMR §§ 1025.7 and 1025.8 (2006).

liction of duties" because she "supported Bill 15–141" [3] and because "she refuses to repeal 18 DCMR 1040," [4] which, he alleges, "contradicts the Code." Citing D.C.Code § 1–301.42 (2001), the Superior Court dismissed the complaint against Ms. Schwartz, explaining that she "was acting within the scope of her legislative duties." We are publishing this opinion to explain why the court properly dismissed the complaint against Councilmember Schwartz.

D.C.Code § 1–301.42 (2001) provides that "[f]or any speech or debate made in the course of their legislative duties, the members of the Council shall not be questioned in any other place." [5] Patterned after the Speech or Debate Clause of the Constitution, Art. I, § 6, cl. 1, this statute was enacted in part to provide Council members with the same protection afforded to members of Congress "against civil actions and criminal prosecutions that threaten to delay and disrupt the legislative process." COUNCIL OF THE DISTRICT OF COLUMBIA, COMMITTEE ON THE JUDICIARY AND CRIMINAL LAW, REPORT ON BILL 1–34, THE "LEGISLATIVE PRIVILEGE ACT OF 1975," at 2 (Dec. 4, 1975). *See Gross v. Winter,* 277 U.S.App. D.C. 406, 414–15, 876 F.2d 165, 173–74 (1989) (discussing purpose of D.C.

statute, which previously was codified at D.C.Code § 1–223 (1981)).

■ The Supreme Court has "read the Speech or Debate Clause broadly to effectuate its purposes." *Eastland v. United States Servicemen's Fund,* 421 U.S. 491, 501, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975). Thus, "it is not just actual speech or debate on the floor of the legislative chamber which is protected." *Dominion Cogen, D.C., Inc. v. District of Columbia,* 878 F.Supp. 258, 263 (D.D.C. 1995). "[T]he Speech or Debate Clause was designed to protect Congressmen 'not only from the consequences of litigation's results but also from the burden of defending themselves.' " *Helstoski v. Meanor,* 442 U.S. 500, 508, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979) (quoting *Dombrowski v. Eastland,* 387 U.S. 82, 85, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967)). Accordingly, the Clause provides protection against civil actions brought by private individuals. *Eastland v. United States Servicemen's Fund,* 421 U.S. at 502, 95 S.Ct. 1813. "[A] private civil action, whether for an injunction or damages, creates a distraction and forces Members to divert their time, energy, and attention from their legislative tasks to defend the litigation." *Id.* at 503,

---

**3.** This bill, which was rejected by the Council, would have given "hearing officers the discretion to determine whether to require the appearance of the issuer of a parking ticket at the hearing [on the] violation." COUNCIL OF THE DISTRICT OF COLUMBIA, COMMITTEE ON PUBLIC WORKS AND THE ENVIRONMENT, REPORT ON BILL 15–141, THE "PARKING TICKET ADJUDICATION HEARING AMENDMENT ACT OF 2004," at 1 (July 7, 2004).

**4.** 18 DCMR §§ 1040.1, 1040.2, and 1040.3 (2006) address the obligation of the "issuer of any parking ticket [to] appear at a scheduled hearing" and circumstances under which the hearing examiner may proceed with the hearing although the issuer of the ticket has failed to appear. Mr. Dorsey seems to complain, among other things, that by issuing these regulations the District impermissibly accom-

plished what the Council had declined to authorize when it defeated Bill 15–141. See note 3, above.

**5.** "Legislative duties" are defined in D.C.Code § 1–301.41(b) (2001):

"Legislative duties" shall include the responsibilities of each member of the Council in the exercise of such member's functions as a legislative representative, including but not limited to: Everything *said, written or done during legislative sessions,* meetings, or investigations of the Council or any committee of the Council, and everything said, written, or done in the process of drafting and publishing legislation and legislative reports.

95 S.Ct. 1813. It is clear that "voting by Members ... [and] a Member's conduct at legislative committee hearings ... may not be made the basis for a civil or criminal judgment against a Member because that conduct is within the 'sphere of legitimate legislative activity.'" *Gravel v. United States,* 408 U.S. 606, 624, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972). *Accord, Doe v. McMillan,* 412 U.S. 306, 311–12, 93 S.Ct. 2018, 36 L.Ed.2d 912 (1973).

This court has not had occasion to interpret the District's Speech or Debate statute, and we do not now attempt to define the limits of its protections. However, we have no difficulty in concluding that it "clothes D.C. City Council members with immunity from lawsuits ... for conduct undertaken in their legislative capacities." *Dominion Cogen,* 878 F.Supp. at 262 (construing the D.C. statute). Ms. Schwartz's support for Bill 15–141 and her "refusal" to repeal 18 DCMR § 1040 clearly fall within the scope of her legislative duties. Therefore, the Superior Court properly dismissed the complaint insofar as it pertained to her.

### III. Conclusion

For the reasons discussed, most of Mr. Dorsey's claims were properly dismissed. His Freedom of Information Act claim was properly denied on the merits,[6] and his request for a temporary restraining order was rendered moot by the final disposition of his complaint. *See American Postal Workers Union, AFL–CIO v. United States Postal Serv.,* 246 U.S.App.D.C. 225, 227–28 n. 3, 764 F.2d 858, 860–61 n. 3

6. Mr. Dorsey submitted a FOIA request to the Department of Motor Vehicles, which responded that it had no records responsive to his request. Appellant did not properly controvert this claim when he filed his response to the District's motion to dismiss or, in the

(1985). The judgment of the Superior Court is hereby

*Affirmed.*

alternative, for summary judgment. His argument to us seems to be that the absence of such documents proves that the Department is shirking its duty. He does not assert that any documents were improperly withheld.