# District of Columbia
# Court of Appeals

**No. 14-CV-1322**

KIRBY VINING,

Appellant,



FILED

JUN - 9 2016

DISTRICT OF COLUMBIA
COURT OF APPEALS

v.

CAB-568-14

COUNCIL OF THE DISTRICT OF COLUMBIA,

Appellee.

On Appeal from the Superior Court of the District of Columbia
Civil Division

BEFORE: EASTERLY and MCLEESE, *Associate Judges*; and FARRELL, *Senior Judge*.

**J U D G M E N T**

This case came to be heard on the transcript of record and the briefs filed, and was argued by counsel. On consideration whereof, and as set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the trial court's ruling is reversed, and the case is remanded for further proceedings consistent with this opinion.

For the Court:

JULIO A. CASTILLO
Clerk of the Court

Dated: June 9, 2016.

Opinion by Associate Judge Catharine Easterly.

Opinion concurring in part and concurring in the judgment by Senior Judge Michael W. Farrell.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-CV-1322

FILED 6/9/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

KIRBY VINING, APPELLANT,

V.

COUNCIL OF THE DISTRICT OF COLUMBIA, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CAB-568-14)

(Hon. Robert Okun, Trial Judge)

(Argued November 3, 2015                       Decided June 9, 2016)

*Don Padou* for appellant.

*Manasi Venkatesh*, Assistant General Counsel, with whom *Ellen A. Efros*, General Counsel, and *John Hoellen*, Deputy General Counsel, were on the brief, for appellee.

*Robert S. Becker*, with whom *Frederick V. Mulhauser*, *James A. McLaughlin*, *Chad R. Bowman*, and *Matthew L. Schafer* were on the brief, for D.C. Open Government Coalition, *amicus curiae*, in support of appellant.

Before EASTERLY and MCLEESE, *Associate Judges*, and FARRELL, *Senior Judge*.

Opinion for the court by *Associate Judge* EASTERLY.

Opinion by *Senior Judge* FARRELL, concurring in part and concurring in the judgment, at page 25.

EASTERLY, *Associate Judge*: The District of Columbia's Freedom of Information Act generally requires public bodies, including the Council of the District of Columbia, to provide "full and complete information" in response to requests for documents from members of the public. D.C. Code §§ 2-531, -532 (a) (2015 Supp.). But D.C. FOIA also includes a number of exemptions, which allow public bodies to withhold certain information from disclosure. *See* D.C. Code § 2-534 (2015 Supp.) (listing exemptions). One of those exemptions allows public bodies to withhold information that is specifically exempted from disclosure by another statute. *See* D.C. Code § 2-534 (a)(6).

In this case, we decide whether the Council of the District of Columbia can withhold documents from Kirby Vining under this exemption by invoking the Legislative Privilege Act, D.C. Code § 1-301.42 (2014 Repl.) ("For any speech or debate made in the course of their legislative duties, the members of the Council shall not be questioned in any other place."). For the reasons set forth below, we conclude it cannot. Accordingly, we reverse the entry of summary judgment for the Council and remand for further proceedings consistent with this opinion.

## I. Facts and Procedural History

Kirby Vining submitted a request under D.C. FOIA to the Council of the District of Columbia asking for documents related to a proposed development of McMillan Park.[1] The Council acknowledged it was subject to D.C. FOIA and provided a number of responsive documents. But with respect to 149 documents listed in its *Vaughn* index,[2] the Council asserted that at least one of two D.C. FOIA exemptions applied: D.C. Code § 2-534 (a)(4) ("Exemption 4") (shielding from disclosure "[i]nter-agency or intra-agency memorandums or letters, . . . which would not be available by law to a party other than a public body in litigation with the public body") and D.C. Code § 2-534 (a)(6) ("Exemption 6") (shielding

---

[1] In particular, Mr. Vining requested (1) all emails to or from Councilmember Kenyan McDuffie "with the terms 'Historic Preservation Review Board,' 'HPRB,' 'Vision McMillan Partners,' 'VMP,' or 'McMillan' in the subject or body of the email"; and (2) all emails that Councilmember McDuffie "sent to or received from any person connected with, under contract to, or employed by the Historic Preservation Review Board, the HPRB, Vision McMillan Partners, or VMP. All documents, whether electronic or non-electronic, that mention the McMillan Sand Filtration Site, McMillan Reservoir, McMillan Park, or 2501 First Street."

[2] A *Vaughn* index is a privilege log that lists each item withheld under FOIA and explains the statutory basis for refusing to produce that item. *See Vaughn v. Rosen*, 484 F.2d 820, 827-28 (D.C. Cir. 1973); *Fraternal Order of Police, Metro. Police Labor Comm. v. District of Columbia*, 79 A.3d 347, 352 n.3 (D.C. 2013); *Riley v. Fenty*, 7 A.3d 1014, 1018 n.2 (D.C. 2010).

"[i]nformation specifically exempted from disclosure by statute").[3] Beyond citing the statute, the Council did not elaborate on the nature of the exemptions asserted.

Mr. Vining filed suit in Superior Court, challenging the Council's decision to withhold these documents.[4] The Council moved for summary judgment, arguing that "[t]he majority of documents withheld by the Council . . . are covered by [the Legislative Privilege Act] and therefore are not required to be disclosed under the D.C. FOIA" and that "[t]he remaining documents are covered by the deliberative-process privilege." The Council asserted without explanation that the Legislative Privilege Act was incorporated by both Exemptions 6 and 4 of D.C. FOIA;[5] the Council additionally invoked the deliberative-process privilege under Exemption 4.

---

[3] As to 65 documents, the Council invoked both Exemptions 4 and 6. As to 24 documents, the Council invoked Exemption 4. For the remaining 60 documents, it invoked only Exemption 6.

[4] *See* D.C. Code § 2-537 (a-1) (2015 Supp.) ("Any person denied the right to inspect a public record in the possession of the Council may institute proceedings in the Superior Court for the District of Columbia for injunctive or declaratory relief, or for an order to enjoin the public body from withholding the record and to compel the production of the requested record.").

[5] The Council cited D.C. Code § 2-534 (e) (incorporating under Exemption 4 the deliberative-process privilege, among other common law privileges), but otherwise did not elaborate on this argument.

The Superior Court addressed the Council's reliance on the Legislative Privilege Act and the deliberative-process privilege, upheld the Council's refusal to provide these documents to Mr. Vining, and granted summary judgment to the Council.[6]  This appeal followed.  Mr. Vining challenges the court's determination that the Council could withhold documents under Exemption 6 by invoking the Legislative Privilege Act.

## II.     Analysis

### A. Mootness

Preliminarily, we address the Council's argument that this court need not address whether the Legislative Privilege Act allows the Council to withhold information under Exemption 6 of D.C. FOIA because this case is moot.  The mootness doctrine generally prevents courts from deciding cases "when the issues presented are no longer 'live' or when the parties lack a legally cognizable interest in the outcome."  *Fraternal Order of Police, Metro. Labor Comm. v. District of Columbia*, 113 A.3d 195, 198 (D.C. 2015) (brackets omitted) (quoting *Settlemire v.*

---

[6] At the same time, the court denied Mr. Vining's motion for summary judgment.

*District of Columbia Office of Emp. Appeals*, 898 A.2d 902, 904-05 (D.C. 2006)).[7]

The Council argues that Mr. Vining has no legally cognizable interest in ascertaining whether the Council properly withheld documents under Exemption 6 because the Superior Court determined that the Legislative Privilege Act allowed the Council to withhold documents under two FOIA exemptions, both Exemption 6 and Exemption 4, and Mr. Vining has only challenged the court's ruling on the former. We disagree with the Council's characterization of the Superior Court's ruling and conclude that this case is not moot.

To begin with, the Council's argument is at odds with its *Vaughn* index, which the trial court relied upon to determine whether the Council had properly withheld documents that were responsive to Mr. Vining's FOIA request.[8] In this

---

[7] Unlike federal courts created under Article III of the U.S. Constitution, we are not bound by Article III's case-or-controversy requirement. *See Fraternal Order of Police*, 113 A.3d at 199. For prudential reasons, however, we generally "follow the principles of standing, justiciability, and mootness." *Id.* (brackets omitted) (quoting *Atchison v. District of Columbia*, 585 A.2d 150, 153 (D.C. 1991)).

[8] The public body asserting a FOIA exemption bears the burden of supplying the Superior Court "with sufficient information" to allow the court to determine whether the public body correctly applied the exemption. *Fraternal Order of Police, Metro. Police Labor Comm. v. District of Columbia*, 79 A.3d at 355. When a public body opts to rely on a *Vaughn* index without providing supporting affidavits or declarations, "the index must supply enough information to (continued…)

index, the Council variously listed Exemptions 6 and 4 as justification for withholding documents—sometimes asserting the exemptions in tandem, but sometimes citing one or the other on its own. *See supra* note 3. If the Council, as it now represents, meant to invoke both Exemptions 6 and 4 to withhold documents under the Legislative Privilege Act, the Council would never have listed Exemption 6 alone. That it did so strongly suggests that, at least as to sixty documents, the Council was invoking the Legislative Privilege Act only under Exemption 6.

To be sure, the Council subsequently asserted in its summary judgment motion that the Legislative Privilege Act was incorporated by both FOIA exemptions. But beyond citing to D.C. Code § 2-534 (e), which the Council had not cited in its *Vaughn* index, the Council never explained how this could be. And upon examination, the Council's citation to § 2-534 (e) makes little sense. Section 2-534 (e) incorporates under Exemption 4 a list of already-existing common-law privileges as well as "other privileges that may be found by the court." *See supra* note 5. It has no clear bearing on information protected by statute, which is

---

(…continued)
enable the court to assess whether the District properly invoked the [exemption]." *Id.* at 358.

separately addressed under Exemption 6.[9] Thus, as we read the record, the Council never developed an argument that would have supported a ruling by the Superior Court that the Council had properly withheld documents under the Legislative Privilege Act as incorporated by Exemption 4 as well as Exemption 6.

Unsurprisingly then, the Superior Court's order does not clearly reflect that it examined this argument. To the contrary, instead of focusing on the particular FOIA exemptions serving as the foundations for the assertion of privilege, the court directed its attention to the nature of the privilege asserted. It first acknowledged the Council's argument that "many of the documents requested are protected from Plaintiff's requests for disclosure" under the Legislative Privilege Act and upheld the application of that statute. The court then acknowledged the Council's argument that a remaining "small number of documents" were protected by the deliberative-process privilege and upheld the assertion of that privilege.

---

[9] Exemption 4, in discussing the inter- and intra-agency documents it protects, does include the language "which would not be available by law"; but if that referred to statutorily protected information, it would render Exemption 6 superfluous. *See, e.g.*, *Clement v. District of Columbia Dep't of Emp't Servs.*, 126 A.3d 1137, 1140 (D.C. 2015) ("Basic statutory interpretation requires that statutes should be construed so as to avoid rendering superfluous any statutory language.") (internal quotation marks omitted).

To support its mootness argument on appeal, the Council plucks one sentence from the Superior Court's order, where at the end of its discussion of the Legislative Privilege Act, the court concluded, "Having reviewed the Vaughn Index and the documents themselves, *in camera*, the Court finds that the Council properly applied the [Legislative Privilege Act] via [E]xemptions 4 and 6, to the documents it withheld." But this was the Superior Court's sole reference to Exemption 4 in its discussion of the Legislative Privilege Act, and the court did not explain how the Council could assert this statutory privilege "via" both Exemption 4 and Exemption 6.[10] Rather, the court's preceding analysis focused exclusively on whether the Legislative Privilege Act met the requirements for a nondisclosure statute under Exemption 6, and so we understand that the Superior Court's ruling was limited to a conclusion that the Legislative Procedure Act allowed the Council to withhold documents under this single exemption.

Accordingly, we conclude that Mr. Vining's challenge to the trial court's ruling is not moot.

---

[10] As noted above, we have serious doubts that the Council could invoke the Legislative Privilege Act under Exemption 4, but we need not address the matter because this argument has not been adequately presented either to the trial court or to this court.

### B. The Council's Ability to Withhold Information under Exemption 6 of D.C. FOIA

### 1. Statutory Background

Before we begin our analysis to determine whether the Council properly withheld documents under Exemption 6 of D.C. FOIA, we put that analysis in context and review the pertinent statutes: the Legislative Privilege Act of 1975[11] and D.C. FOIA itself.

Soon after the United States Congress created the Council of the District of Columbia, the Council enacted the Legislative Privilege Act of 1975. The Legislative Privilege Act was modeled on the Speech or Debate Clause of the United States Constitution, which gives members of the U.S. Congress and their aides absolute immunity to suits for damages and prospective relief whenever the suits are related to their legislative functions. *See Eastland v. United States*

---

[11] In the proceedings in Superior Court and in the briefs to this court, the parties have referred to the Legislative Privilege Act as the "Speech or Debate Statute," or even the "Speech or Debate Clause." For clarity, we call the statute by its given name. *See* Legislative Privilege Act of 1975, D.C. Law 1-65 (1976) ("[T]his act may be cited as the 'Legislative Privilege [A]ct of 1975.'"). The Speech or Debate Clause is a component of Article I of the Constitution. U.S. CONST. art. I, § 6, cl. 1. It does not apply to Councilmembers and could not, in any event, justify the Council's decision to withhold documents under Exemption 6 of D.C. FOIA, which only applies to information exempted from disclosure "by statute." D.C. Code § 2-534 (a)(6).

*Servicemen's Fund*, 421 U.S. 491, 503 (1975) (prospective relief); *Tenney v. Brandhove*, 341 U.S. 367, 372-74, 379 (1951) (damages).  The central purpose of the Speech or Debate Clause is to "preserve the constitutional structure of separate, coequal, and independent branches of government."  *United States v. Gillock*, 445 U.S. 360, 369 (1980) (citing *United States v. Helstoski*, 442 U.S. 477, 491 (1979)). When drafting the Legislative Privilege Act, the Council noted approvingly that the Speech or Debate Clause affords members of Congress "wide freedom of speech, debate and deliberation without intimidation from the Executive Branch," and it protects them "against civil actions and criminal prosecutions that threaten to delay and disrupt the legislative process."  Committee on the Judiciary and Criminal Law, D.C. Council, Report on Bill 1-34 at 2 (Dec. 4, 1975).  The Council indicated that its aim in drafting the Legislative Privilege Act was, "[s]imilarly," to give Councilmembers corresponding "immunities and freedoms . . . in exercising their duties in the legislative sphere." *Id.*

Currently codified at D.C. Code § 1-301.42, the Legislative Privilege Act provides that "[f]or any speech or debate made in the course of their legislative duties, the members of the Council shall not be questioned in any other place." "Legislative duties" are broadly defined as "the responsibilities of each member of the Council in the exercise of such member's functions as a legislative

representative," including "[e]verything said, written or done during legislative sessions, meetings, or investigations of the Council or any committee of the Council, and everything said, written, or done in the process of drafting and publishing legislation and legislative reports."  D.C. Code § 1-301.41 (b) (2014 Repl.).

The year after the Council passed the Legislative Privilege Act, it passed the Freedom of Information Act of 1976, a sunshine law designed to promote open government.  D.C. FOIA established that "the public policy of the District of Columbia is that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees."  Freedom of Information Act of 1976, D.C. Law 1-96, § 201 (1977) (current version at D.C. Code § 2-531).[12]  More concretely, D.C. FOIA gave the public access to "public record[s]," *id.* at § 202, i.e., "all books, papers, maps, photographs, cards, tapes, recordings, or other documentary

---

[12]  In its report to the Council, the Committee on the Judiciary and Criminal Law explained that there was a need for such legislation because, due to "a drafting oversight," the District had not been included under the federal Freedom of Information Act of 1966.  D.C. Council, Report on Bill 1-119 at 3 (Sept. 1, 1976). The Report further detailed how efforts by the executive branch to promote open government practices had failed.  *Id.* at 3-4 (noting the need "for a policy which has the force of law").

materials regardless of physical form or characteristics prepared, owned, used, in the possession of, or retained by the Mayor and agencies," *id.* at § 209 (incorporating the definitions from the D.C. Administrative Procedure Act) (current version at D.C. Code § 2-539 (a) (2015 Supp.)); *id.* at § 3 (d) (amending the DCAPA with this definition of "public record") (current version at D.C. Code § 2-502 (18)). Although it authorized a number of exemptions from disclosure, *id.* at § 204, D.C. FOIA explicitly directed that its provisions were to "be construed with the view toward expansion of public access," *id.* at § 201.

As originally enacted, D.C. FOIA applied only to the executive branch.[13] *Id.* at § 202 (providing access to "any public record of the Mayor or an agency"). Nevertheless, it became "the practice of the Council to abide by the requirements of FOIA." Committee on Government Operations, D.C. Council, Report on Bill 13-829 at 2 (Oct. 31, 2000). In 2000, the Council amended D.C. FOIA to codify this practice. Noting that "several states have decided to explicitly include the legislative branch under their state counterparts to FOIA," and reasoning that "it is only fair for the Council to abide by the same rules as the executive branch with respect to public access to information," the Council extended D.C. FOIA to itself.

---

[13] Similarly, federal FOIA as originally enacted did not apply to Congress, and it still does not. *See infra* p. 22.

*Id.*; *see also* Freedom of Information Amendment Act of 2000, D.C. Law 13-283 (2001).

## 2. D.C. FOIA's Exemption 6 and the Legislative Privilege Act

Mr. Vining argues that the Council cannot withhold documents under Exemption 6 of D.C. FOIA by invoking the Legislative Privilege Act. The force of the Legislative Privilege Act, its interaction with FOIA, and ultimately the trial court's determination that the Council was entitled to summary judgment are all questions of law that we review de novo. *See Fraternal Order of Police, Metro. Police Labor Comm. v. District of Columbia*, 79 A.3d at 353.

The Council, as a public body subject to D.C. FOIA, is required to provide "full and complete information" in response to requests for disclosure of public records unless it can identify a statutory exemption that authorizes it to withhold responsive information.[14] D.C. Code §§ 2-531, -532. Here the Council invoked Exemption 6, which allows the Council and executive agencies of the District government to withhold from the public "[i]nformation specifically exempted from

---

[14] Outside of these statutory exemptions, courts have "no general equitable power to prevent disclosure under [D.C.] FOIA." *Barry v. Washington Post Co.*, 529 A.2d 319, 321 (D.C. 1987) (per curiam).

disclosure by statute . . . , provided that such statute" either leaves no discretion on the issue or "[e]stablishes particular criteria for withholding or refers to particular types of matters to be withheld." D.C. Code § 2-534 (a)(6). To promote D.C. FOIA's open-government objective, we are required to interpret this exemption "narrowly," "with ambiguities resolved in favor of disclosure." *Fraternal Order of Police, Metro. Labor Comm. v. District of Columbia*, 82 A.3d 803, 813 (D.C. 2014) (quoting *Fraternal Order of Police, Metro. Police Labor Comm. v. District of Columbia*, 79 A.3d at 354). We conclude that the Legislative Privilege Act cannot be invoked through Exemption 6 so as to permit the Council to withhold documents responsive to a FOIA request.[15]

As noted above, a qualifying statute under Exemption 6 must "specifically exempt[]" information from disclosure. D.C. Code § 2-534 (a)(6). This court, like federal courts interpreting the analogous exemption under federal FOIA,[16] has

---

[15] Although the Legislative Privilege Act refers to individual "members of the Council," D.C. Code § 1-301.42, we assume for the sake of argument that the Council, as a public body subject to a FOIA request, may invoke the Legislative Privilege Act.

[16] *See Reporters Comm. for Freedom of Press v. U.S. Dep't of Justice*, 816 F.2d 730, 734-35 (D.C. Cir. 1987) (interpreting the analogous federal exemption and explaining that "a statute that is claimed to qualify as [a] . . . withholding statute must, on its face, exempt matters from disclosure"), *modified on other grounds*, 831 F.2d 1124 (D.C. Cir. 1987), *rev'd on other grounds*, 489 U.S. 749

(continued…)

looked exclusively to the text of the proffered statute to determine whether it explicitly shields information from public view. *See Barry v. Washington Post Co.*, 529 A.2d 319, 322 (D.C. 1987) (per curiam).[17] The text of the Legislative Privilege Act does not do this. To the contrary, it prohibits "question[ing]" Councilmembers "in any other place" regarding "any speech or debate made in the course of their legislative duties." D.C. Code § 1-301.42. Moreover, the statute's broad definition of "legislative duties" incorporates public acts and statements: for example, draft legislation that is made available to the public, statements made by Councilmembers during open hearings, and published reports by Council committees. *See* D.C. Code § 1-301.41 (b).

---

(…continued)
(1989). *See generally Fraternal Order of Police, Metro. Labor Comm. v. District of Columbia*, 113 A.3d at 199 ("[I]n the context of FOIA cases, we routinely look to federal law to interpret analogous provisions in our own Act.").

[17] In *Barry*, we concluded that a statute authorizing creation of the mayor's discretionary and ceremonial funds did not fall within Exemption 6 because its text "d[id] not 'specifically exempt' from public disclosure" documents related to these funds. 529 A.2d at 322. We also rejected the argument that the funding statute authorized nondisclosure because other statutes with similar language had "historically signified a confidential fund." *Id.* We noted that "neither the Congress nor the District of Columbia Council [had taken] the obvious step of stating that records of the two funds were exempt from disclosure." *Id.* "In the absence of such a provision in [the] statute," we explained, "[E]xemption 6 does not apply." *Id.*

Our conclusion that the Council cannot seek the protection of the Legislative Privilege Act under Exemption 6 is reinforced by our examination of D.C. FOIA as a whole. First, we note that the Council is entitled to claim other exemptions under D.C. Code § 2-534 (a), including the exemption for "[i]nvestigatory records compiled for law-enforcement purposes," D.C. Code § 2-534 (a)(3) ("Exemption 3") and the exemption for documents protected by the deliberative process and other common law privileges under D.C. Code § 2-534 (a)(4). Indeed, the Council amended FOIA in 2004 precisely to tailor these exemptions to its needs— amending Exemption 3 so that it would encompass "the records of Council investigations," and amending Exemption 4 so that it would include "memorandums or letters generated or received by the staff or members of the Council."[18] This would have been unnecessary had the Council already enjoyed broad protection under Exemption 6 from disclosing to a FOIA requester any information related to its legislative duties as defined by the Legislative Privilege Act.[19]

---

[18] *See* Freedom of Information Legislative Records Clarification Amendment Act of 2004, D.C. Law 15-256, § 2 (2005).

[19] It is curious that, at least to our knowledge, this is the first instance in the sixteen years the Council has been subject to FOIA that the Council has asked this Court to recognize the power of the Legislative Privilege Act as a nondisclosure statute under D.C. Code § 2-534 (a)(6).

Second, we consider the fact that, as amended in 2000, D.C. FOIA requires the D.C. Council to fulfill its open-government objectives. To allow the Council to invoke the Legislative Privilege Act under Exemption 6 and withhold all information related to its legislative activities would permit the Council to withhold swaths of public documents in direct conflict with FOIA's open-government mission. We are not persuaded by the Council's argument that a sliver of documents would still fall outside Exemption 6;[20] surely, this constricted scope of disclosure was not what the Council envisioned when it announced that it would "abide by the same rules as the executive branch with respect to public access to information." Report on Bill 13-829 at 2.

Likewise, we are unmoved by the Council's argument that it disclosed nearly one thousand documents to Mr. Vining, notwithstanding the protection the Council believed it could claim under the Legislative Privilege Act via Exemption 6. This argument suggests that the Council wants to retain unfettered administrative discretion to decide when to make disclosures under FOIA. But

---

[20] When asked at oral argument to identify categories of documents that the Council would still be obligated to disclose under D.C. FOIA, if the court agreed that it could withhold documents under Exemption 6 by invoking the Legislative Privilege Act, the Council gave one example: emails regarding constituent services.

broad administrative discretion is exactly what the Council sought to remove from public bodies when it first passed D.C. FOIA forty years ago,[21] and broad administrative discretion is exactly what the Council surrendered when it chose to subject itself to FOIA.

We adhere to the text and spirit of D.C. FOIA and conclude that the Council may not duck its obligation to make full disclosures under the statute by invoking the Legislative Privilege Act under Exemption 6. In so holding, we reject the Council's counterargument that the Legislative Privilege Act is some kind of super-statute that either trumps FOIA or must be broadly construed thereunder, consistent with federal cases interpreting the Speech or Debate Clause of the Constitution, as a nondisclosure provision.

As explained above, we examine the Council's decision to withhold documents through the lens of D.C. FOIA, and specifically through the lens of D.C. FOIA's Exemption 6, which we must interpret narrowly and which requires that claimed withholding statutes explicitly exempt information from public

---

[21] *See* Report on Bill 1-119 at 3-5 (describing a complete failure of public bodies to comply with the District's policy of "open citizen access to information" without an enforceable statutory right to such information).

disclosure. *Cf. Reporters Comm. for Freedom of Press*, 816 F.2d at 734-35 (analyzing the analogous exemption under federal FOIA and explaining that courts must find a legislative "purpose to exempt matters from disclosure in the actual words of the statute (or at least in the legislative history of FOIA)—not in the legislative history of the claimed withholding statute, nor in an agency's interpretation of the statute" (citation omitted)). But even if we read Exemption 6 expansively, we could not agree with the Council's contention that the Legislative Privilege Act permits non-disclosure of the documents in this case.

The Legislative Privilege Act codified the Council's desire to promote the separation of powers and to protect legislators from disruption and intimidation. *See supra* Part II.B.1. D.C. FOIA does not implicate either of these concerns. The Council chose to apply FOIA to itself, and the burden of FOIA compliance falls primarily on the Secretary to the Council[22] and its General Counsel,[23] not on

---

[22] The Secretary of the Council is the Council's FOIA Officer. Rules of Organization and Procedure for the Council of the District of Columbia, Council Period 21, Rule 811 (a), 62 D.C. Reg. 493, 580 (Jan. 16, 2015) [hereinafter Council Rule]. *See* D.C. Code § 2-538 (d) (2015 Supp.) ("Each public body subject to the provisions of this subchapter shall designate a Freedom of Information Officer."). It is the Secretary's job to provide records in response to FOIA requests, Council Rule 811 (b), and to conduct an initial review to determine "whether the Council possesses the identified record" and whether "the record requested is a public record," Council Rule 811 (d)(1).

Councilmembers and their aides, thereby minimizing any disruption to the operation of the Council.[24]

The Council argues, however, that because federal courts have used the term "non-disclosure privilege" in discussions of the Speech or Debate Clause, *see, e.g.*, *Williams v. Johnson*, 597 F. Supp. 2d 107, 115 (D.D.C. 2009), this court must interpret the Legislative Privilege Act as a withholding statute—a "non-disclosure statute," in the Council's words—within the meaning of D.C. Code § 2-534 (a)(6). Even assuming that our Legislative Privilege Act is co-extensive with the Speech or Debate Clause,[25] federal decisions like *Williams* do not convince us that the Legislative Privilege Act constitutes a withholding statute under D.C. FOIA

---

(…continued)

[23] The General Counsel makes "the final determination on whether particular records are privileged or otherwise subject to disclosure." Council Rule 811 (f), 62 D.C. Reg. at 581.

[24] *See generally* Council Rule 811, 62 D.C. Reg. at 580-81 (describing the Council's procedures for complying with FOIA).

[25] *Dorsey v. District of Columbia* is the sole case in which we have examined and upheld the application of Legislative Privilege Act. 917 A.2d 639, 643 (D.C. 2007). Specifically, we determined that the statute protected a Councilmember from being sued. *Id.* We did not say in *Dorsey* that we were adopting the entire body of federal precedent interpreting the Speech or Debate Clause; we merely noted that it was our first occasion to interpret the District's statute, and explained that we were "not . . . attempt[ing] to define the limits of its protections." *Id.* at 643.

Exemption 6. It is true that several federal courts have held that, under the Speech or Debate Clause, members of Congress may not be forced to submit to civil discovery,[26] but these courts have never held that the Speech or Debate Clause constitutes a basis for withholding documents under the analogous exemption of federal FOIA, for the simple reason that federal FOIA does not apply to Congress, 5 U.S.C. § 551 (1)(A) (2012).[27] In other words, we are confronted with an entirely

---

[26] We have suggested in dicta that we would hold the same with respect to Councilmembers. *See Franco v. Nat'l Capital Revitalization Corp.*, 930 A.2d 160, 173 n.12 (D.C. 2007) (observing that the District's statute, like the federal Speech or Debate Clause, protects legislators from being "deposed or made to answer interrogatories in an attempt to disclose their individual motivations").

[27] Accordingly, the federal courts' interpretation of the Speech or Debate Clause protections do not exceed the protections of the Legislative Privilege Act, as recognized by our decisions in *Dorsey* and *Franco*. *See Gross v. Winter*, 876 F.2d 165 (D.C. Cir. 1989) (holding Councilmember immune from suit for acts within legislative duties); *Williams v. Johnson*, 597 F. Supp. 2d 107 (D.D.C. 2009) (granting motion to quash subpoenas seeking deposition testimony and production of documents from Councilmember and aide); *Chang v. United States*, 512 F. Supp. 2d 62 (D.D.C. 2007) (granting motion to quash subpoenas seeking production of documents from the Special Counsel to the Council's Committee on the Judiciary); *Alliance for Glob. Justice v. District of Columbia*, 437 F. Supp. 2d 32 (D.D.C. 2006) (ruling that the District could not be compelled under FED. R. CIV. P. 30 (b)(6) to produce a deponent to provide the Council's views on its own statutes); *Dominion Cogen, D.C., Inc. v. District of Columbia*, 878 F. Supp. 258 (D.D.C. 1995) (ruling Councilmembers immune from suit for acts within legislative duties). *Cf. In re Search of Elec. Commc'ns in Account of chakafattah@gmail.com*, 802 F.3d 516, 527-29 (3d Cir. 2015) (explaining that, at least "with respect to records disclosed to the Government in the course of an investigation," "[t]he Speech or Debate Clause does not prohibit the disclosure of privileged documents. Rather, it forbids the evidentiary use of such documents.").

different legal landscape—one in which the Council has chosen to accord itself a statutory privilege to protect itself, like Congress, from executive and judicial meddling but, unlike Congress, has also chosen to subject itself to an open-government law. The federal cases interpreting the Speech or Debate Clause simply do not speak to this situation.

The Council warns, however, that a failure to recognize that it is protected by the Legislative Privilege Act under Exemption 6 of D.C. FOIA will "produce the absurd result of a litigant being able to obtain records through [D.C.] FOIA that the litigant could not obtain through [civil] discovery." But it is not obvious that our ruling will lead to such a result or, if it does, that such a result would be absurd. As Councilmembers cannot be sued for conduct undertaken in their legislative capacities, *Dorsey*, 917 A.2d at 643, this end-run scenario could arise only if a litigant suing a third party sought to obtain information relevant to its suit from the Council via D.C. FOIA. In such a circumstance, the Council would be free to assert any relevant exemption from disclosure.[28] But if a particular document did not fall within any of FOIA's exemptions, the Council would, under its open-

---

[28] *Cf. United States v. Weber Aircraft Corp.*, 465 U.S. 792, 794-99 (1984) (holding that FOIA exemption applied to information requested from Air Force by aircraft manufacturers after aircraft manufacturers had already failed to obtain the same information from the Air Force through pretrial discovery).

government obligations, be required to disclose the document. There is nothing absurd about such a result. *Cf. NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n.10 (1975) (explaining that a litigant's rights under the federal FOIA were "neither increased nor decreased" because the litigant claimed "an interest in the [information sought under the Act] greater than that shared by the average member of the public").

## III. Conclusion

The force compelling the Council to disclose its records is none other than legislation drafted by the Council itself. If the Council wants to minimize its obligations under D.C. FOIA, it can do so, either by amending D.C. FOIA or by amending the Legislative Privilege Act to make it clear that it specifically exempts from disclosure particular Council documents. In the meantime, this court must enforce the law currently on the books. That law does not justify the Council's decision to withhold documents under D.C. Code § 2-534 (a)(6) in this case. We therefore reverse the trial court's ruling and remand for further proceedings consistent with this opinion.

*So ordered.*

FARRELL, *Senior Judge*, concurring in part and concurring in the judgment: I agree with the court that D.C. FOIA and the Legislative Privilege Act (LPA), read together, do "not justify the Council's decision to withhold documents . . . *in this case*." *Ante* at 24 (emphasis added). But I am not ready to say, nor need we decide here, that FOIA-requested disclosure of communications to or from a Councilmember in the course of his legislative duties may never be tantamount to, the functional equivalent of, "question[ing]" the member as prohibited by the LPA. The fact that information of that kind might also be shielded by another FOIA exemption — say, the deliberative process privilege — would not be reason alone to hold that it falls outside the protection of Exemption 6 via the LPA.

In this case, however, the Council has not met that near-approximation test. Although it turned over numerous documents to appellant, it declined to disclose a large body of them without any individualized showing of how disclosing the information would be equivalent to "question[ing]," and thereby threaten a legislator's independence through "disruption and intimidation." *Ante* at 20. Thus, while I concur in much of the court's analysis and the result, I would not deny the Council the ability to make that showing in the future.