Herbert **DUNHILL** t/a Senior Citizens Unlimited, Appellant,

v.

**DIRECTOR, DISTRICT OF COLUMBIA DEPARTMENT OF TRANSPORTATION, Appellee.**

No. 79–942.

District of Columbia Court of Appeals.

Argued May 14, 1980.

Decided June 11, 1980.

(June 16, 1976, Superior Court Memorandum Order at 6).

Neal E. Krucoff, Washington, D. C., for appellant.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, Washington, D. C., and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Robert L. Sherman for amicus curiae Direct Mail/Marketing Ass'n, Inc.

Before GALLAGHER, NEBEKER and FERREN, Associate Judges.

FERREN, Associate Judge:

In this case, we are asked to interpret the District of Columbia Freedom of Information Act ("D.C. FOIA" or "Act"), D.C.Code 1978 Supp., § 1–1521 *et seq.* On cross-motions for summary judgment, the trial court upheld the District of Columbia's position that the names and addresses of its holders of valid drivers permits are exempt from disclosure under the D.C. FOIA because their release to appellant "would constitute a clearly unwarranted invasion of personal privacy." *Id.,* § 1–1524(a)(2). Appellant contends that the court should not have reached the question of exemption, since "disclosure is authorized or mandated by other law." *Id.,* § 1–1524(c). We agree that § 1–1524(c) precludes the District from invoking the § 1–1524(a)(2) exemption to deny appellant's request. We therefore reverse and remand to the trial court for entry of summary judgment for appellant.

## I.

On or about June 6, 1978, appellant Herbert Dunhill[1] filed a D.C. FOIA request with appellee, the Director of the District of Columbia Department of Transportation (DOT), seeking a "listing on magnetic computer tape of the names, addresses, birth dates, sex and expiration date of drivers permits of all persons presently holding valid District of Columbia drivers permits who were born on or before June 1, 1918." On February 2, 1979, following an exchange of correspondence between the parties,[2] a DOT official denied Dunhill's request on the ground that the information was exempt from disclosure under § 204(a)(2) of the Act, D.C.Code 1978 Supp., § 1–1524(a)(2).[3] The Mayor affirmed this denial. *See id.,* § 1–1527. On March 13, 1979, Dunhill filed an action for declaratory and injunctive relief, seeking a resolution of the parties' conflicting interpretations of the disclosure requirements of the D.C. FOIA.

The District moved to dismiss for failure to state a claim, Super.Ct.Civ.R. 12(b)(6), supporting the DOT position that disclosure "would constitute a clearly unwarranted invasion of personal privacy." § 1–1524(a)(2). Dunhill opposed the motion and moved for summary judgment. The District filed a cross-motion for summary judgment. After oral argument, the trial court granted the District's motion and denied Dunhill's. This appeal followed the trial court's denial of Dunhill's motion to reconsider or amend judgment.[4]

## II.

Our resolution of this case requires interpretation of three provisions of the D.C. FOIA. Under § 1–1522(a):

Any person has a right to inspect, and at his or her discretion, to copy any public

1. Dunhill resides in New York and trades as Senior Citizens Unlimited, a sole proprietorship that compiles and rents mailing lists of the names and addresses of various individuals.

2. On June 16, 1978, a DOT official wrote to Dunhill's counsel indicating that, because of the volume of the requested information, additional time would be required, but that DOT expected to be able to provide the information by June 27, 1978. On June 20, 1978, the DOT official again wrote to counsel, this time indicating that it was DOT policy to deny requests for information pertaining to drivers permits as an invasion of personal privacy, and requesting a written explanation of the purposes for which the information was intended. Counsel replied by letter dated November 28, 1978, explaining that Senior Citizens Unlimited:

compiles lists of names, mostly of older people, from various public sources and sometimes from private sources, and rents those lists to concerns and agencies who wish to reach older persons through the mail.

A typical list of Senior Citizens Unlimited customers includes candidates for public office, banks seeking the deposits of older persons, insurance companies with Medicare supplement insurance designed for older drivers, municipal reduced transit fare plans, university extension services, commercial and public tour agencies which wish to reach older people for the off-season market, etc.

3. The denial letter stated in part:

After carefully reviewing your request and your letter of November 28, 1978, I have concluded that the information you seek is exempt from disclosure under section 204(a)(2) of the Freedom of Information Act. We maintain driver records because of the need to identify motorists for licensing and enforcement purposes. In my view, the motorists who provide this private information expect that it will not end up on a commercial mailing list. Since your client plans to use this data for commercial purposes—that is, I presume—to send out advertisements and the like on a mass mailing basis, I believe that this use would intrude upon the motorists' privacy expectations.

Section 204(a)(2), codified in D.C.Code 1978 Supp., § 1–1524, provides:

(a) The following matters may be exempt from disclosure under the provisions of this subchapter:

*   *   *   *   *   *

(2) Information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy[.]

4. The parties agree that the trial court disposed of the case by ruling on cross-motions for summary judgment, although the record contains no document purporting to be a judgment that complies with Super.Ct.Civ.R. 58. Since neither party has objected to this defect, and the docket entries appear correctly to reflect the court's rulings, we may nevertheless exercise our appellate jurisdiction. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam).

record of the Mayor or an agency, *except as otherwise expressly provided by section 1–1524,* in accordance with reasonable rules that shall be issued by the Mayor or an agency after notice and comment, concerning the time and place of access. [Emphasis added.] [5]

Although it is true that a second provision, § 1–1524(a)(2), expressly exempts from disclosure "[i]nformation of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy," this exemption, as well as the others in § 1–1524(a),[6] may not be invoked to prevent disclosure when still another provision, § 1–1524(c), applies:

(c) This section [1–1524] does not authorize withholding of information or limit the availability of records to the public, except as specifically stated in this section. This section is not authority to withhold information from the Council of the District of Columbia. *This section shall not operate to permit non-disclosure of information of which disclosure is au-*

*thorized or mandated by other law.* [Emphasis added.]

▮ Appellant Dunhill contends that disclosure of all the information he seeks is authorized by 32 DCRR § 1.104, implementing D.C.Code 1980 Supp. § 40–603(b).[7] Regulation § 1.104 provides:

The Director [of DOT] may furnish copies of records described in this section to persons requesting such records upon payment of the fees shown below.

(1) Microfile Record Copies
(vehicle title cases) _____$2.00 each
(2) Reproduction of Vehicle Title
or Registration Record _____ .50 each
(3) Reproduction of Traffic Record _____ .50 each
(4) Transcripts of Permit Hearings
(for original pages) _____ .95 each
(for copies of original pages) _____ .35 each

At oral argument, the Assistant Corporation Counsel conceded that, under the above-quoted regulation, DOT officials may release all the information Dunhill now seeks. He added, however, that, in practice, such information is not routinely available because DOT officials grant—or

5. The general policy underlying the D.C. FOIA favors disclosure of information about governmental affairs and the acts of public officials, including a narrow reading of exemptions from disclosure. The first section of the Act, D.C. Code 1978 Supp., § 1–1521, provides:

Generally the public policy of the District of Columbia is that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. To that end, provisions of this chapter shall be construed with the view toward expansion of public access and the minimization of costs and time delays to persons requiring information.

This policy was "placed in the legislation to make clear that any actions should serve the purpose of access and that any restriction on that access should be construed narrowly." Comm. on the Judiciary and Criminal Law, Report on Bill No. 1–119, the "D.C. Freedom of Information Act of 1975," at 6 (September 1, 1976).

6. The D.C. FOIA also permits nondisclosure of certain trade secrets and commercial or financial information obtained from outside the government; investigatory records compiled for law enforcement purposes; inter-agency or intra-agency memoranda or letters; test questions and answers to be used on future license, employment or academic examinations; information specifically exempted from disclosure

by statute; and information specifically authorized by federal law to be kept secret in the interest of national defense or foreign policy. *See* D.C.Code 1978 Supp., § 1–1524(a)(1), (3)–(7). The Act further requires that "[a]ny reasonably segregable portion of a public record shall be provided to any person requesting such record after deletion of those portions which may be withheld from disclosure under subsection (a) of this section." *Id.*, § 1–1524(b). These provisions of the D.C. FOIA are patterned after, and many substantially parallel, those contained in the federal FOIA. *See* 5 U.S.C. § 552(b) (1976).

7. Appellant also asserts that the information he seeks is available under D.C.Code 1973, § 40–421, and 32 DCRR § 7.104, which provide for the release of information about those individuals who have become subject to the Motor Vehicle Safety Responsibility Act (codified as Chapter 4 of Title 40 of the D.C.Code) as a result of accidents or convictions for violation of motor vehicle laws. Appellant accordingly argues that the availability of information (of the sort he seeks) about some, but not all, persons under Code § 40–421 and Regulation § 7.104 is enough to open the door to disclosure of the names and addresses of all holders of driving permits under § 1–1524(c). We do not reach this question.

deny—such requests based on their individual perceptions of the legitimacy of the need for the information advanced by each requester.[8] On the basis of that restrictive administration of Regulation § 1.104, the District argues that disclosure of the information sought by Dunhill—and refused by DOT officials—is not "authorized or mandated by other law," within the meaning of § 1–1524(c).

The District's argument has no merit. It would have to be explored further if availability of documents under 32 DCRR § 1.104 were restricted according to reasonable, published criteria, and appellant came within an excluded class of requesters.[9] But that is not the case. Absent properly authorized, reasonable, published criteria for restricting access under Regulation § 1.104, DOT's ad hoc refusal of Dunhill's request, based on his intended use of the information for commercial purposes, is beyond the scope of the Department's authority. *See Dupont Circle Citizens Ass'n v. District of Columbia Board of Zoning Adjustment,* D.C.App., 390 A.2d 1009, 1011 (1978) (BZA discretion in reviewing special exception applications is limited to determining whether proposed exception satisfies requirements of regulation under which it is sought); *see generally Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 415–16, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). Because the information sought by Dunhill is, without limitation, available under Regulation § 1.104, it conforms to the terms of § 1–1524(c); thus, the question of a § 1–1524(a)(2) exemption does not even arise.

■ Accordingly, we conclude that the trial court erred as a matter of law in holding that disclosure of the requested list of holders of valid drivers permits was properly withheld by virtue of § 1–1524(a)(2).[10] We hold that, because disclosure of this information requested by appellant "is authorized or mandated by other law," D.C.Code 1978 Supp., § 1–1524(c), the District may not properly deny Dunhill's request. We reverse the trial court's grant of summary judgment in the District's favor and remand for entry of judgment for appellant Dunhill.

*Reversed and remanded.*

---

8. The Assistant Corporation Counsel acknowledged that District officials have no written guidelines for such decisions.

9. D.C.Code 1980 Supp., § 40–603(b), which (according to 32 DCRR § 1.102) is the source of authority for 32 DCRR § 1.104, provides in part:

> (b) There is established in the government of the District of Columbia a department of vehicles and traffic, which under the direction of the [Mayor], shall have charge of the issuance and revocation of operators' permits, the registration and titling of motor vehicles, the making of traffic studies and plans, the installation and maintenance of traffic signs, signals, and markers, and of such other matters as may be determined by the [Mayor].

Arguably, this Code section gives District officials authority to adopt reasonable regulations prescribing criteria restricting the availability of information about motor vehicle owners currently provided under Regulation § 1.104. We do not foreclose the argument, however, that even if there were such prescribed criteria, disclosure of the information would nevertheless be "authorized or mandated by other law," within the meaning of § 1–1524(c). Such an argument would be akin to appellant's assertion that D.C.Code 1973, § 40–421, and its implementing regulation authorize or mandate enough disclosure to bring the requested information within § 1–1524(c). *See* note 7 *supra.*

10. We reject the District's assertion that the proper standard of review here is abuse of discretion. Under D.C.Code 1978 Supp., § 1–1527(b):

> In any suit filed under subsection (a) of this section, the Superior Court for the District of Columbia may enjoin the public body from withholding records and order the production of any records improperly withheld from the person seeking disclosure. The burden is on the Mayor or the agency to sustain its action. In such cases the court shall determine the matter de novo, and may examine the contents of such records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in section 1–1524.

We therefore review the trial court's judgment in accordance with D.C.Code 1973, § 17–305(a), reversing here because the trial court erred as a matter of law.