*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 19-CV-1239

TOMELL DUBOSE, D.D.S., APPELLANT,

v.

DISTRICT OF COLUMBIA, *et al.*, APPELLEES.

Appeal from the Superior Court
of the District of Columbia
(2018-CA-000378-B)

(Hon. Heidi M. Pasichow, Trial Judge)

(Argued November 30, 2021                    Decided September 14, 2023)

*Anthony M. Rachal III* for appellant.

*Richard S. Love*, Senior Assistant Attorney General, with whom *Karl A. Racine*, Attorney General for the District of Columbia at the time the brief was filed, *Loren L. AliKhan*, Solicitor General at the time the brief was filed, *Caroline S. Van Zile*, Principal Deputy Solicitor General at the time the brief was filed, and *Carl J. Schifferle*, Deputy Solicitor General, were on the brief for appellees.

Before BLACKBURNE-RIGSBY, *Chief Judge*, MCLEESE, *Associate Judge*, and THOMPSON, *Senior Judge*.[*]

---

[*] In May 2023, Associate Judge McLeese was substituted for Associate Judge Beckwith. *See* Administrative Order 5-23 (August 4, 2023). Senior Judge Thompson was serving as an Associate Judge at the time of argument. She began her service as a Senior Judge in February 2022.

MCLEESE, *Associate Judge*: Appellant Tomell DuBose, D.D.S., seeks review of an order denying him relief under the District of Columbia Freedom of Information Act, D.C. Code § 2-531 et seq. (D.C. FOIA). (Dr. DuBose's name is spelled various ways in the record, but we use the spelling adopted by both parties in this court.) We affirm in part, vacate in part, and remand the case for further proceedings.

## I. Factual and Procedural Background

Certain basic facts appear to be undisputed. In 2017, Dr. DuBose, through counsel, requested records from the District of Columbia Board of Dentistry, a component of the District of Columbia Department of Health (DOH). Dr. DuBose requested copies of all decisions of the Board rendered against licensed D.C. dentists, including settlements and consent orders, since 2010; a list of experts hired by the Board in connection with decisions issued since 2010; all decisions by the current members of the Board since their appointment; all complaints against D.C. dentists settled confidentially or dismissed since 2010; the resumes of the current Board members; and all appeals of the Board's decisions since 2010. Dr. DuBose also requested a waiver of any fees associated with the request, asserting that disclosure of the requested information was in the public interest. *See* D.C. Code

§ 2-532(b) ("Documents may be furnished without charge . . . where a public body determines that waiver . . . of the fee is in the public interest because furnishing the information can be considered as primarily benefiting the general public.").

DOH acknowledged receipt of Dr. DuBose's request but did not respond substantively to the request within the time period specified by statute. *See* D.C. Code § 2-532(c)(1) (15-day time limit to respond to D.C. FOIA requests). DOH eventually responded several months later, declining to produce the requested information unless Dr. DuBose provided an advance payment of $9,000, which DOH estimated would be the cost of responding to the request, based on a projected 250 hours of search and compilation time and an additional 50 hours for review and redaction. DOH also declined to waive the fee, concluding that Dr. DuBose's request was not in the public interest.

Dr. DuBose challenged DOH's decisions in Superior Court, suing the District of Columbia, the Board, and DOH. The trial court dismissed the Board and DOH from the suit as *non sui juris*—entities within the District government not capable of being sued in their own names—leaving the District as the only defendant.

The District argued that its denial of the requested fee waiver was not judicially reviewable. The trial court ruled for the District on that point. Dr. DuBose also contested the reasonableness of the amount of the demanded fee. The trial court granted summary judgment to the District on that issue.

## II. Analysis

### A. General Legal Principles

D.C. FOIA "embodies a strong policy favoring disclosure of information about governmental affairs and the acts of public officials." *Barry v. Washington Post Co.*, 529 A.2d 319, 321 (D.C. 1987) (per curiam). Under D.C. FOIA, "[a]ny person has the right to inspect, and . . . copy any public record of a public body," except as expressly provided. D.C. Code § 2-532(a). Agencies may charge a reasonable fee in connection with a request and may require advance payment of fees that will exceed $250. D.C. Code § 2-532(b), (b-1), (b-3).

Unless the agency gives notice of an extension, the agency is required to respond to a FOIA request within 15 days, by either providing access to the requested

documents or explaining the agency's reasons for deciding not to do so.  D.C. Code § 2-532(c)(1), (d)(1).

We review de novo a trial court's order granting summary judgment, affirming only if there is no genuine issue of material fact when viewing the record in the light most favorable to the non-moving party.  *Fraternal Ord. of Police, Metro. Lab. Comm. v. District of Columbia*, 82 A.3d 803, 813 (D.C. 2014).

Given D.C. FOIA's broad policy favoring disclosure,

> we construe the Act with the view toward expansion of public access and the minimization of costs and time delays to persons requesting information.  Therefore, the provisions of the Act giving citizens the right of access are to be generously construed, while the statutory exemptions from disclosure are to be narrowly construed, with ambiguities resolved in favor of disclosure.

*Fraternal Ord. of Police*, 82 A.3d at 813 (brackets, citations, and internal quotation marks omitted); *see* D.C. Code § 2-531 ("[P]rovisions of [D.C. FOIA] shall be construed with the view toward expansion of public access and minimization of costs and time delays to persons requesting information.").

**B. Dismissal of Board and DOH**

The trial court ruled that the Board and DOH could not be sued in their own names. Dr. DuBose objects to that ruling, but he provides no legal argument to support the objection. The issue therefore has not been properly presented for our review. *See, e.g.*, *In re Klayman*, 282 A.3d 584, 596 (D.C. 2022) (per curiam) (declining to address issue as not adequately presented, where respondent "argue[d] in passing that the Board's ruling on this issue was incorrect, [but did] not address the Board's reasoning or provide a specific argument as to why the Board's ruling was incorrect under applicable principles of law"). We therefore affirm the trial court's dismissal of Dr. DuBose's suit against the Board and DOH.

**C. Untimeliness**

Dr. DuBose argues that the District's failure to respond in a timely manner to the request precludes the District from requiring Dr. DuBose to pay a fee to obtain the requested information. We disagree.

D.C. FOIA expressly states the consequence of an agency's failure to respond to a request within the prescribed time period:

> [a]ny failure on the part of a public body to comply with a [D.C. FOIA] request . . . within the time provisions . . . of this section shall be deemed a denial of the request, and the person making such request shall be deemed to have exhausted . . . administrative remedies with respect to such request . . . .

D.C. Code § 2-532(e); *see Fraternal Ord. of Police, Metro. Lab. Comm. v. District of Columbia*, 79 A.3d 347, 363 (D.C. 2013) ("[T]he only consequence [of an agency's failure to timely respond] provided in [D.C.] FOIA for an agency's failure to comply with the Act's time provisions is that the request is deemed to have been denied and the requestor is deemed to have exhausted his [or her] administrative remedies" as a prerequisite to seeking judicial relief.).

We need not decide the broad question whether an agency's failure to respond in a timely manner to a D.C. FOIA request never has any consequence other than permitting the requester to file suit rather than continuing to wait for an untimely response. We hold more narrowly that an agency's failure to respond in a timely manner to a D.C. FOIA request does not preclude the agency from later demanding payment of reasonable costs associated with the request, at least where, as in this case, the agency responds to the request by demanding payment before the requestor

files suit. We see no basis under D.C. FOIA for precluding an agency from demanding a fee in such circumstances.

As Dr. DuBose notes, the federal FOIA statute generally provides that "an agency shall not assess any search fees . . . if the agency has failed to comply with any time limit under [5 U.S.C. § 552(a)(6)]." 5 U.S.C. § 552(a)(4)(A)(viii)(I); *see id.* § 552(a)(4)(A)(viii)(II) (providing for exceptions). D.C. FOIA, however, contains no such provision. Although we generally look to federal FOIA in interpreting the provisions of D.C. FOIA, that principle does not apply "where the two acts differ," as here. *Doe v. D.C. Metro. Police Dep't*, 948 A.2d 1210, 1220 (D.C. 2008).

In fact, federal FOIA was originally interpreted to permit agencies to assess search fees even if they responded untimely to a FOIA request. *See, e.g.*, *Pollack v. U.S. Dep't of Just.*, 49 F.3d 115, 120 (4th Cir. 1995) (stating that court was unable to "find a provision which states that when an agency acts untimely, it is obliged to provide the requester with unlimited documentation free of charge"). In 2007, however, Congress amended FOIA to add the provision that Dr. Dubose relies upon. *See* Pub. L. No. 10-175 § 6, 121 Stat. 2526 (2007) (codified at 5 U.S.C. § 552(a)(4)(A)(viii)); *see also Stein v. U.S. Dep't of Just.*, 197 F. Supp. 3d 115, 123

(D.D.C. 2016) ("[T]he reason the Fourth Circuit [in *Pollack*] could not find a FOIA provision prohibiting agencies from charging fees for requests that had not been timely processed was because § 552(a)(4)(A)(viii) did not exist at the time *Pollack* was decided."). The 2007 amendment was intended "[t]o underscore Congress's belief in the importance of the statutory time limit" by "imposing consequences on federal agencies for missing the deadline." *Shapiro v. U.S. Soc. Sec. Admin.*, 525 F. Supp. 3d 528, 541 & n.7 (D. Vt. 2021) (emphasis and internal quotation marks omitted). D.C. FOIA has not been similarly amended, and we therefore interpret D.C. FOIA consistently with the way in which federal FOIA was understood before the 2007 amendment.

### D.  Prepayment of Demanded Fee

Dr. DuBose argues that the trial court erred in upholding the District's demand that Dr. DuBose prepay the demanded fee. We conclude that a remand is necessary on that issue.

### 1. Reviewability

Whether the District lawfully refused to produce the requested documents based on Dr. DuBose's failure to prepay the demanded fee touches on two distinct issues: whether the amount of the fee demanded was reasonable and whether the District erred by refusing to waive any fee. The District appears to challenge the availability of judicial review with respect to both of those issues. We conclude that both issues were properly reviewable in the Superior Court and in this court.

The District first argues that federal FOIA cases hold that a requester cannot obtain judicial review of an agency's response to a FOIA request if the requester refuses to pay a demanded fee or fails to obtain a waiver of the fee. To the contrary, in cases in which the requestor has refused to pay a fee but has otherwise exhausted administrative remedies, federal courts have reviewed both the reasonableness of an agency's demanded fee and an agency's refusal to grant a fee waiver. *See, e.g.*, *Nat'l Sec. Couns. v. U.S. Dep't of Just.*, 848 F.3d 467, 470-73 (D.C. Cir. 2017) (reasonableness of demanded fee); *Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 819-20 (4th Cir. 2013) (denial of waiver request). We see no reason for a different approach under D.C. FOIA.

The District's brief does not present any clear argument that Dr. Dubose was required to seek further internal administrative review before bringing the current suit. *See generally, e.g.*, *Finch v. District of Columbia*, 894 A.2d 419, 422 n.7 (D.C. 2006) (requirement of exhaustion of administrative remedies is not jurisdictional and "could be waived or forfeited"). We therefore conclude that the issue of the reasonableness of the amount of the demanded fee was properly subject to judicial review in this case.

The trial court ruled that the District's refusal to grant a fee waiver was unreviewable, and the District defends that ruling. We hold to the contrary that judicial review is available under D.C. FOIA if an agency refuses to produce requested documents based on a demand for prepayment of fees and a determination that waiver of the demanded fee is not in the public interest.

We first narrow the issue to be decided. The District contends that, under D.C. FOIA, an agency has the discretionary authority to refuse to waive a fee even if the agency has determined that a waiver would be in the public interest. The District further suggests that an agency's exercise of that discretionary authority is unreviewable, because that determination would be committed to agency discretion by law. We have no occasion to address those issues, however, because the District

in this case denied a waiver on the ground that waiver would not be in the public interest, not on the basis of a discretionary refusal to grant a waiver even though waiver would be in the public interest.

We therefore view the issue before us, more narrowly, as whether judicial review is available under D.C. FOIA if an agency fails to timely respond to a request and then refuses to produce requested documents based on a demand for prepayment of fees and a determination that waiver of the fee is not in the public interest. We conclude that judicial review is available in those circumstances.

There is a "strong presumption favoring judicial review of agency action," which is overcome "[o]nly upon a showing of clear and convincing evidence of a contrary legislative intent." *District of Columbia v. Sierra Club*, 670 A.2d 354, 358 (D.C. 1996) (internal quotation marks omitted). We do not discern an intent to completely preclude judicial review of an agency's determination that a fee waiver under D.C. FOIA would not be in the public interest. Rather, the theory that the D.C. Council intended to preclude such review seems contrary to the Council's direction that "provisions of [D.C. FOIA] shall be construed with the view toward expansion of public access and the *minimization of costs* and time delays to persons requesting information." D.C. Code § 2-531 (emphasis added).

The presumption of reviewability may be rebutted where "the legislature commits the challenged action *entirely* to agency discretion." *Tucci v. District of Columbia*, 956 A.2d 684, 690 (D.C. 2008) (emphasis added). That is a "very narrow exception," however, which applies "only in those rare instances where statutes are drawn in such broad terms that in a given case there is no law to apply." *Sierra Club*, 670 A.2d at 358 (internal quotation marks omitted). In our view, an agency's determination as to whether a waiver of fees would be in the public interest does not fall within that narrow exception.

D.C. FOIA provides some guidance as to the nature of the public-interest determination. *See* D.C. Code § 2-532(b) (fee waiver may be granted where agency determines that waiver is "in the public interest because furnishing the information can be considered as primarily benefiting the general public"). We conclude that the public-interest standard under D.C. FOIA is not so broad and amorphous as to leave reviewing courts with no law to apply. *Cf. Keating v. Fed. Aviation Admin.*, 610 F.2d 611, 612 (9th Cir. 1979) (holding that "in the public interest" standard in statute "provide[d] law to be applied . . . sufficient to permit judicial review").

It is true, as the District points out, that federal FOIA explicitly provides for judicial review of an agency's refusal to waive FOIA fees. 5 U.S.C.

§ 552(a)(4)(A)(vii). Although D.C. FOIA does not contain a corresponding express provision, that silence does not in our view constitute "clear and convincing evidence" of intent to bar such review in the circumstances of the present case. *Sierra Club*, 670 A.2d at 358.

## 2. Merits of Refusal to Waive Fees

Because the trial court viewed the issue as unreviewable, the trial court did not decide on the merits whether the District acted lawfully in refusing to grant a fee waiver. We therefore remand the case for the trial court to address that issue in the first instance. *See generally, e.g.*, *Jaiyeola v. District of Columbia*, 40 A.3d 356, 372 (D.C. 2012) (although court has discretion to affirm grant of summary judgment on alternative grounds not decided by trial court, court has "cautioned that it usually will be neither prudent nor appropriate for this court" to do so) (internal quotation marks omitted). Resolving that issue may require the trial court to address a number of issues that the parties have raised in this court, including (1) the standard of review courts should apply when evaluating an agency's waiver determination; (2) who bears the burden of proof on the question whether waiver would be in the public interest; (3) what materials may properly be considered by the trial court in reviewing an agency's waiver determination; (4) Dr. DuBose's claim that his request

was in the public interest rather than for a commercial purpose; (5) Dr. DuBose's claim that the District's refusal to waive fees, in whole or in part, in this case was unreasonable in light of prior fee-waiver decisions by the Board, DOH, and other District agencies; and (6) Dr. DuBose's argument that the District's denial of the fee-waiver request was in bad faith. We express no views as to the proper resolution of those issues.

### 3. Merits of Reasonableness of Fee Amount

The parties dispute numerous issues relating to the issue of the reasonableness of the fee amount. Depending on the outcome of proceedings on remand, those issues may or may not arise on remand. For example, if the trial court were to conclude that the District acted unlawfully in refusing to grant a waiver, then the question of the reasonableness of the demanded fee would be academic. Under the circumstances, we decline to address the reasonableness of the fee amount at this juncture. *See, e.g.*, *Jackson v. Condor Mgmt. Grp., Inc.*, 587 A.2d 222, 226 (D.C. 1991) (declining to consider issues that "may or may not arise again upon remand"). We do, however, flag several issues that may warrant further consideration on remand if the issue of reasonableness does arise, because the trial court has not yet explicitly addressed them: (1) Dr. DuBose's claim that the $9,000 fee amount is

unreasonable because considerable portions of the requested records were easily accessible to the agency and therefore did not require significant resources to search for or reproduce; (2) Dr. DuBose's claim that, because the District is separately required to submit all Board orders and decisions to the "Federal National Data Bank," those records were already compiled and should have been easily accessible to the agency, requiring minimal search or production costs; (3) Dr. DuBose's argument that no fee should be imposed for the location and reproduction of those records in his request that were "specifically made public information" available without request by D.C. Code § 2-536(a)(3), and must be made publicly available either on the agency's website or "by other electronic means" pursuant to D.C. Code § 2-536(b); (4) Dr. DuBose's claim that the Board was required to provide him with information that would permit Dr. DuBose to reduce the fee by narrowing the requested categories of documents; and (5) Dr. DuBose's argument that the District acted in bad faith, by failing to timely respond to the request, misrepresenting what was available on the Board's website, and demanding an unreasonable fee amount.

### 4. Attorney's Fees and Litigation Costs

Finally, Dr. DuBose argues that he is entitled to attorney's fees and litigation costs. Because we are remanding the case to the trial court for further proceedings,

it is not yet clear whether Dr. DuBose will ultimately be a prevailing party. *See* D.C. Code § 2-537(c) ("If a person seeking the right to inspect or a receive a copy of a public record prevails in whole or in part in [a] suit, he or she may be awarded reasonable attorney fees and other costs of litigation."). An assessment of attorney's fees and costs would therefore be premature at this juncture. *Cf. Featherson v. Educ. Diagnostic Inst., Inc.*, 933 A.2d 335, 339 n.4 (D.C. 2007) (vacating ruling on attorney's fees where this court remanded case, because trial court's ruling "that appellant [was] not the prevailing party[,] and therefore, [was] not entitled to attorney's fees, [was] premature"). We therefore do not decide the issue of attorney's fees and litigation costs.

In sum, (1) we affirm the trial court's ruling dismissing the Board and DOH; (2) we uphold the trial court's ruling that the untimeliness of the District's response to Dr. DuBose's request did not entitle Dr. DuBose to a fee waiver as a matter of law; and (3) we remand for the trial court to consider the merits of the District's denial of Dr. DuBose's request for a public-interest fee waiver and for such other proceedings as necessary.

For the foregoing reasons, the judgment of the Superior Court is affirmed in part and vacated in part, and the case is remanded for further proceedings.


*So ordered.*